IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WALTER WREN WYATT, III § § Plaintiff, § § vs. § § MORTGAGE ELECTRONIC § REGISTRATION SYSTEMS, INC., § et al. § § Defendant. § | CIVIL ACTION NO. 1:07-CV-326-MHT-CSC |

## MOTION TO DISMISS

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") moves this Court, pursuant to Rule 12(b)(6), *Fed.R.Civ.P.*, to dismiss this action against it on the ground that the complaint, as amended, fails to state a claim upon which relief can be granted. As grounds, MERS states as follows:

### FACTS

1. On February 14, 2001, Plaintiff Walter Wren Wyatt, III and Jennifer June Wyatt executed a mortgage to MERS. That mortgage was recorded in Official Records Book 147, pages 526-527 in the Office of the Judge of Probate, Enterprise, Coffee County, Alabama. (*Complaint*, ¶ 2)

2. The mortgage was secured by the house and property at 109 Pratt Drive, Enterprise, Alabama, (the "property"). (*Complaint*, ¶ 3)

3. On April 6, 2006, there was a foreclosure on the property. MERS purchased the property at the foreclosure sale as evidenced by Foreclosure Deed recorded on April 11, 2006 in the office of the Judge of Probate, Enterprise, Coffee County, Alabama. (*Complaint*, ¶ 4)

4. On April 17, 2006 Defendant MERS conveyed the property to Defendant Secretary of Veterans Affairs (the "VA"). That conveyance is evidenced by the deed recorded in Official Records

179300.1

Book 354, Page 182, in the office of the Judge of Probate, Enterprise, Coffee County, Alabama. (*Complaint*, ¶ 5)

5.  The plaintiff brought this action pursuant to *Ala. Code* § 6-5-252 and § 6-5-256 seeking a statement of debt so that he may redeem the property. (*Complaint*, ¶¶ 1 and 9)

6.  On September 15, 2006, the plaintiff, through his attorney, demanded from MERS a statement of debt and all lawful charges necessary to effect redemption of the property. (*Complaint*, ¶ 10, Ex. D)

7.  On October 13, 2006, the plaintiff, through his attorney, demanded from the VA a statement of debt and all lawful charges necessary to effect redemption of the property. . (*Complaint*, ¶ 11, Ex. E)

## LEGAL ANALYSIS

8.  *Ala. Code* § 6-5-252 provides:

> Anyone desiring and entitled to redeem may make written demand of the purchaser or his or her transferees for a statement in writing of the debt and all lawful charges claimed by him or her, and such purchaser or their transferees shall, within 10 days after such written demand, furnish such person making the demand with a written, itemized statement of all lawful charges claimed by him or her. The redeeming party must then tender all lawful charges to the purchaser or his or her transferee. If the purchaser or his or her transferee fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, he or she shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his or her complaint without a tender to enforce his or her rights under this article and file a lis pendens with the probate court.
>
> Tender or suit must be made or filed within one year from foreclosure.

9.  "Where property has been sold under a power of sale in a mortgage and the purchaser has conveyed to another, **the mortgagor must redeem from the vendee.**" *Reed v. Skeen*, 591 So. 2d 51, 53 (Ala. 1991) (citing *Garvich v. Associates Financial Services Co. of Alabama, Inc.*, 435 So. 2d 30 (Ala. 1983)) (emphasis added); *Hobson v. Robertson*, 138 So. 548, 549 (Ala. 1931).

179300.1

10.   The allegations of the complaint affirmatively show that MERS, after purchasing the property at the foreclosure sale, conveyed the property to the VA. This conveyance occurred before any demand was made to MERS by the plaintiff for a statement of debt under *Ala. Code* § 6-5-252.

11.   Under the facts alleged in the complaint and Alabama law, the plaintiff must redeem (and seek a statement of debt pursuant to § 6-5-252) from the VA or its assignee, **not from MERS**.

12.   Consequently, the allegations of the complaint affirmatively show that the complaint fails to state a claim against MERS upon which relief can be granted.

WHEREFORE, the premises considered, MERS moves this Court to dismiss this action against it pursuant to Rule 12(b)(6), *Fed.R.Civ.P.*

Respectfully submitted this the 7th day of May, 2007.

/s/ Louis M. Calligas
One of the Attorneys for Defendant
Mortgage Electronic Registration Systems, Inc.

**OF COUNSEL:**
James A. Byram, Jr. (BYR003)
jbyram@balch.com
Louis M. Calligas (CAL060)
lcalligas@balch.com
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, AL  36101-0078
(334) 834-6500
(334) 269-3115 (fax)

179300.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of May, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John McClung, Esq.
515 Gover Avenue
Enterprise, Alabama 36330

R. Randolph Neely, Esq.
U. S. Attorney's Office
P. O. Box 197
Montgomery, Alabama 36101-0197

I hereby certify that on this the 7th day of May, 2007, a copy of the foregoing has been served by first-class United States Mail, properly addressed and postage prepaid, upon the following:

Joshua Mellor
56 Red Cloud Road
Ft. Rucker, AL 36362

Natalie Mellor
56 Red Cloud Road
Ft. Rucker, AL 36362

Charles Bradford Stinson, Esq.
515 Gover Avenue
Enterprise, Alabama 36330

Richard W. Whitaker, Esq.
P. O. Box 311166
Enterprise, Alabama 36331

/s/ Louis M. Calligas
Of Counsel

179300.1

4