IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WALTER WREN WYATT, III | * | |
| Plaintiff, | * | CIVIL CASE NO. |
| | * | 1:07-CV-326-MHT-CSC |
| vs. | * | |
| | * | |
| MORTGAGE ELECTRONICS | * | |
| REGISTRATION SYSTEMS, INC. | * | |
| R. JAMES NICHOLSON IN HIS CAPACITY | * | |
| AS SECRETARY OF VETERANS AFFAIRS; | * | |
| et. al., | * | |
| Defendants. | * | |

**Plaintiff's Response to Defendant Mortgage Electronic Registration Systems, INC'S. Motion to Dismiss**

COMES NOW Plaintiff and submits his response to Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) Fed.R.Civ.P. and in support thereof would show this Honorable Court the following:

1. Section 6-5-252 of the Alabama Code, (1975) provides:

   Anyone desiring and entitled to redeem may make written demand of the **purchaser or his or her transferees** for a statement in writing of the debt and **all lawful charges** claimed by him or her, and such purchaser or their transferees shall, within 10 days after such written demand, furnish such person making the demand with a written, itemized statement of all lawful charges claimed by him or her. The redeeming party must then tender all lawful charges to the **purchaser or his or her transferee**. **If the purchaser or his or her transferee fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, he or she shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days file his or her complaint without a tender to enforce his or her rights under this article and file a lis pendens with the probate court. (emphasis added)**

   Tender or suit must be made or filed within one year from foreclosure.

2. Code section 6-5-252 states that anyone desiring to redeem may make written demand on the purchaser **or** their transferee. In this case the purchaser was MERS, Inc and their transferee was the Veterans Administration. The plaintiff made written demand on both MERS, Inc. and the Veterans Administration via certified mail on September 19, 2006 and October 24, 2006 respectively. (See Exhibits D and E in the original Complaint.) The statute does not require that demand be made of both parties, only one **or** the other.

3. Neither MERS, Inc. or the Veterans Administration responded therefore, all charges and rights to compensation for improvements are forfeited. Because neither party responded to the Plaintiff's demand for the redemption amount, redemption amount is still at issue.

4. Code section 6-5-252 of the State of Alabama in fact instructs the party entitled to redeem to file a complaint against the "**purchaser or his or her transferee when they fail to furnish a written, itemized statement of all lawful charges within 10 days after demand.**" (emphasis added)

5. Because improvement charges are not allowed, MERS, Inc. as the purchaser at the foreclosure is the only party privileged to the true redemption amount. A statement of lawful charges is equitable relief that this Honorable Court has the ability to grant.

6. Defendant MERS, Inc. cites case law for the proposition that the mortgagor must redeem from the vendee.

7. <u>Donald J. Garvich vs. Associates Financial Services Company of Alabama, Inc., et al</u>, 435 So. 2d 30 (Ala. 1983), is distinguishable from this case because the purchaser at the foreclosure sale submitted its statement of lawful charges after demand was made. It is unclear from the other cited cases whether the purchasers at the foreclosures submitted a statement of lawful charges.

8. While Plaintiff's complaint for redemption is the ultimate relief, an accurate statement of the redemption amount from defendant is essential and this defendant has that essential information due to the fact that this defendant was the purchaser at the foreclosure sale and transferred the property to the Veterans Administration.

THEREFORE, Plaintiff respectfully requests this Honorable Court to deny MERS, Inc. Motion to Dismiss for failing to state a claim upon which relief can be granted, since this Honorable Court can order Defendant to submit a statement of the redemption amount as requested in the complaint.

                          Respectfully Submitted,

                            s/ John McClung
                          John McClung (MCC104)
                          Attorney for Plaintiff
                          515 Glover Avenue
                          Enterprise, Alabama
                          (334)393-3660

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have served the above and foregoing motion on the Attorneys of Record for the Parties by electronic means for those registered with the Courts electronic filing system, or by placing a copy of the same in the United States Mail, postage pre-paid and properly addressed, on this the 17th day of May, 2007.

| | |
|---|---|
| R. Randolph Neeley, Esq. | Richard W. Whittaker |
| Asst. U.S. Attorney | 300 East Lee Street |
| Post Office Box 197 | Enterprise, AL. 36330 |
| Montogmery, AL. 36101-0197 | |

Louis Calligas
Balch & Bingham
Post Office Box 78
Montgomery, AL. 36101-0078

                                               s/ John McClung
                                               **OF COUNSEL**