IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WALTER WREN WYATT, III ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL CASE NO.: 1:07-CV-0326-MHT |
| ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC.; ) | |
| R. JAMES NICHOLSON in his ) | |
| capacity as Secretary of Veterans ) | |
| Affairs; JOSHUA MELLOR; ) | |
| NATALIE MELLOR, et al. ) | |
|     Defendants. ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Come now the Defendants, Joshua Mellor and Natalie Mellor, by and though their attorney of record, and in support of their Motion To Dismiss show unto the Court as follows:

1. Plaintiff Walter W. Wyatt, III and wife, Jennifer June Wyatt entered into a mortgage on February 14, 2001 with MERS. The mortgage pledged property known as 109 Pratt Drive in Enterprise, Coffee County, Alabama, as security for an indebtedness owed by the Plaintiff, Walter W. Wyatt, III and wife, Jennifer June Wyatt to MERS and which mortgage was secured or guaranteed by the Veterans Administration. (See copy of the mortgage attached to Plaintiff's Complaint.)

2. Due to failure to make payments the mortgage was foreclosed by MERS on April 6, 2006. (See copy of the Mortgage Foreclosure Deed attached to Plaintiff's Complaint.)

3. On April 10, 2006 a letter was written by the purchaser at foreclosure (MERS) to Walter Wren Wyatt III and Jennifer June Wyatt, the owners, and to the tenant (Mrs. Deena Baugh) advising of the foreclosure and giving ten (10) days to vacate the property. (Attached as Exhibit A.)

4. On April 17, 2006 the property was conveyed from MERS to Secretary of Veterans Affairs (See copy of Deed attached to Plaintiff's Complaint.)

5. On April 25, 2006 (approximately 15 days after the notice to vacate), the tenant was found to still be occupying the premises. (See Exhibit B). On May 22, 2006 the tenant, Deena Baugh, finally agree to sign an occupancy termination agreement to vacate and deliver possession of the property. (Attached as Exhibit C). On May 31, 2006 the tenant was delivered $1,000.00 required by the tenant before she would move from the property. (Attached as Exhibit D.)

6. Defendants Joshua and Natalie Mellor purchased the property on October 31, 2006. (See copy of Deed attached to Plaintiff's Complaint.)

7. Section 6-5-251, ALABAMA CODE, states that an owner or tenant **must deliver possession** of the land to a purchaser at foreclosure within ten (10) days after notice and that **"notice to the tenant is sufficient"**.

8. Possession was not delivered within the ten (10) day period and in fact until May 31, 2006, the tenant refused to vacate the property. Under the Alabama foreclosure statutes, namely §6-5-251, ALABAMA CODE, the failure of the debtor or mortgagor (Plaintiff herein) or anyone holding possession under the debtor or mortgagor (in this case a tenant) to comply with the provision of this section **forfeits the right of redemption.**

-2-

**WHEREFORE,** as a matter of law, the Plaintiff has no redemptive rights and the Complaint against all Defendants is due to be dismissed with prejudice.

Respectfully submitted,

/s/ Richard W. Whittaker
Richard W. Whittaker     WHI031
Richard W. Whittaker, LLC
Attorney for Defendant Mellor
Post Office Box 311166
Enterprise, Alabama 36331-1166
Phone: (334) 393-5146
Fax: (334) 393-5247
RichardWhittaker@centurytel.net
Bar #: ASB-0401-E55R

### CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

1. John L. McClung at johnlmc@graceba.net;
2. James Asberry Byram, Jr. at jbyram@balch.com;
3. Louis Michael Calligas at lcalligas@balch.com; and
4. R. Randolph Neeley at Rand.Neeley@usdoj.gov.

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

Respectfully submitted,

/s/ Richard W. Whittaker
Richard W. Whittaker     WHI031
Richard W. Whittaker, LLC
Attorney for Defendant Mellor
Post Office Box 311166
Enterprise, Alabama 36331-1166
Phone: (334) 393-5146
Fax: (334) 393-5247
RichardWhittaker@centurytel.net
Bar #: ASB-0401-E55R

**EXHIBIT A**

# MORRIS, SCHNEIDER & PRIOR, L.L.C.
ATTORNEYS AND COUNSELORS AT LAW
1587 NORTHEAST EXPRESSWAY
ATLANTA, GA 30329
(770) 234-9181
FAX (770) 234-9192

April 10, 2006

Walter Wren Wyatt III and Jennifer June Wyatt
and Tenant(s) Known and Unknown
109 Pratt Drive
Enterprise, AL 36330
CERTIFIED MAIL NO. 70050390000188565050

Re:   MSP File Number:      802.0604697AL
      Lender Loan No.:      8439101638
      Name Per Client:      Walter Wren Wyatt III and Jennifer June Wyatt

      Property Address:     109 Pratt Drive
                            Enterprise, AL 36330

Dear Sir/Madam:

We wish to advise you that on April 6, 2006, the mortgage loan on the above-referenced property was duly foreclosed in accordance with the power of sale contained in the mortgage document and/or provided by Alabama Code, Title 35, Chapter 10. The property was purchased by our client, Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "Lender").

Your attention is directed to Ala. Code § 6-6-310(2) (1975). In accordance with the statute, Lender hereby makes written demand upon you to deliver and quit possession of the above-described premises within ten (10) days from the date of your receipt of this letter.

Unless possession is delivered within ten (10) days from the date of your receipt of this letter, you will forfeit your right of redemption. Furthermore, Lender may have no alternative other than to file an appropriate State Court action if you fail to deliver possession.

Very truly yours,

MORRIS, SCHNEIDER & PRIOR, L.L.C.

Jason Lutz

cc:   Mortgage Electronic Registration Systems, Inc.
Certified Mail Return Receipt Requested, Copy Regular Mail

NOTICE: THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

WYATT000'

# Occupancy Status Report

**EXHIBIT B**

Please fill out this form and send it back within 24 hours of Assignment.

| | | |
|---|---|---|
| Asset Number: | VA Number | 8000450737 |
| Property Address: | 109 PRATT DR, ENTERPRISE, Al 36330 | |
| Date of inspection | 04/25/2006 | |
| Date Assigned: | 04/25/2006 | |
| Pre-marketing Specialist:: | Rebecca Hornbuckle | |
| Foreclosure Date: | | Previous Mortgagor: |
| Is this in a Redemption State? ☐No ☐ Yes | | |
| Broker: | Billy G Cotter/ Jackie Thompson, agent | |
| Address: | 531 Boll Weevil Circle, Enterprise, Al 36330 | |
| Phone: | 3343470048    Cellular  3344061231    Fax: 3343936388 | |

As of the date shown above, the above property was found to be:

[X] Occupied    [ ] Vacant

If the property is found to be vacant and unsecured, please secure the property - including, but not limited to, re-keying all exterior doors and boarding broken windows.

Occupants Names: No one was at home. Neighbor says it is a single mother with several children. I will go back until I find them.

Telephone Numbers:

[ ] Mortgagor    [ ] Tenant

Is cash for keys viable? [ ] Yes    [ ] No

Occupant's Intentions:

Comments:

Does this property have a pool?   [ ] Yes    [X] No
Does State/County/Local law require that the pool be covered? [ ] Yes    [ ] No

## Utilities

| | Company | Address | Phone Number | Account Number |
|---|---|---|---|---|
| Electric | Alabama Power | | 8002452244 | |
| Water | City of Enterprise | | 3343471211 | |
| Sewer | City of Enterprise | | 3343471211 | |
| Gas | Southeast Ala Gas | | 3343478878 | |
| Garbage | City of Enterprise | | 3343471211 | |
| HOA | none | | | |

WYATT00075

# OCWEN LOAN SERVICING LLC

## OCCUPANCY TERMINATION AGREEMENT

This agreement ("Agreement") is entered into as of this 22 day of May, 2006, by and between OCWEN LOAN SERVICING LLC, herein referred to as "OCWEN", ("Servicer") and Deena Baugh ("Occupant"). Whereas Servicer desires Occupant to vacate the premises known as 109 Pratt St. Enterprise, Al ,36330 ___ ("Premises") and Occupant hereby agrees to vacate the premises on the following terms and conditions.

1  Occupant(s) agrees to vacate the Premises on or before 14 days from the date of this Agreement taking all personal belongings and all other materials EXCLUDING anything which is a part of or fixture of the premises, such as but not limited to appliances, lighting fixtures, carpeting, etc. EXCLUDING THE REFRIGERATOR AND MICROWAVE.
2  Occupant(s) shall vacate the Premises on 109 Pratt in "broom-clean" condition, free of any and all interior and exterior debris and free from any damage or destruction, reasonable wear and tear excepted.
3  Prior to and in conjunction with the signing of this agreement, the Occupant(s) agrees to allow the Servicer's designated agent Jackie Thompson ("Agent") to inspect ALL areas of the Premises.
4  In consideration of the Occupant(s) compliance with the conditions set forth above, Servicer agrees to pay to Occupant(s) the sum of $1000.00 (the "Payment"), as its only obligation under this Agreement. This obligation is contingent upon Occupant(s) surrendering of all keys and garage door remote controls to the Agent. Upon satisfactory inspection of the Premises, the Agent shall provide the payment to the Occupant(s) as full and complete satisfaction of the Servicer obligations under this Agreement.
5  The Occupant(s) will be responsible for the payment of all utilities serving the property during the Term and any other period that the Occupant(s) occupy the Premises, as well as general maintenance, upkeep, and landscaping.
6  The Occupant(s) agree to indemnify and hold the Servicer and its affiliates harmless from and against any and all claims for damages or injury to any person or property arising out of the Occupant(s) occupancy and use of the Premises or any breach of this Agreement by the Occupant(s).
7  This Agreement is an accommodation to the Occupant(s). The parties agree that no landlord/tenant relationship is created hereby nor is any such relationship intended to be created. The parties agree that the status of the Occupant(s) is that of a person in use and occupancy of the Premises and not that of a tenant.
8  The Occupant(s) hereby acknowledges and consents to the jurisdiction of this Court, and hereby waives any and all defenses, claims, counterclaims, and offsets against Servicer which may or do exist.
9  The Occupant(s) hereby consents to the immediate issuance of a Final Judgment of Possession entered in favor of the Servicer and against the Occupant(s), and consents to the forthwith issuance of a Warrant of Eviction.
10 The Servicer, OCWEN, hereby consents and agrees to stay the execution and enforcement of the Warrant of Eviction to and including in consideration of the foregoing.
11 In the event the Occupant(s) fails to fully and timely voluntarily vacate the Premises as set forth herein, on or before June 5,2006 the Servicer shall be entitled to immediate enforcement and execution of the within Warrant of Eviction without further notice to the Occupant(s), except as required by law.
12 The Occupant(s) represent that they fully understand the terms hereof and have had the opportunity to consult an attorney to review this Agreement.
13 If the Occupant(s) does not vacate the Premises on or before the date set forth in Paragraph 1 herein, the Occupant(s) will not be entitled to receive the payment. In addition, the Servicer will take legal action to obtain prompt possession of the Premises and Occupant(s) may be responsible for direct and indirect costs relating to this legal action including attorney's fees.
14 The Servicer's agent Jackie Thompson will inspect the property prior to turning over the check of $1000 to Deenna Baugh on June 5, 2006.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first set forth above.

OCCUPANTS:

_Deena L. Baugh_ (Signature)

Deena L. Baugh    5-22-06
Print Name         Date

Signature
Print Name    Date

Signature
Print Name

Signature
Print Name    Date

WYATT00078



WYATT0002