IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

WALTER WREN WYATT, III,       )
                              )
     Plaintiff,               )
                              )        CIVIL ACTION NO.
     v.                       )        1:07cv326-MHT
                              )            (WO)
MORTGAGE ELECTRONIC           )
REGISTRATION SYSTEMS,         )
INC., et al.,                 )
                              )
     Defendants.              )

OPINION AND ORDER

Plaintiff Walter Wren Wyatt, III, filed this lawsuit against defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Veterans Affairs Secretary R. James Nicholson ("the VA Secretary"), and Joshua and Natalie Mellor ("the Mellors"). Relying on 1975 Ala Code § 6-5-248, Wyatt seeks to redeem property foreclosed and sold under the terms of a mortgage;[1]

_____

1. Section 6-5-248 provides, in part:

    " (a) Where real estate, or any interest therein, is sold the same may be redeemed by ... (2) Any mortgagor ....
                                    (continued...)

relying on 1975 Ala Code § 6-5-252, he has asked the court to order all defendants to supply a written statement of the debt, that is, "all lawful charges," without including any claims for improvements, interest, or other charges.[2]

_____

1.  (...continued)
    "(b) All persons named or enumerated in subdivisions (a)(1) through (a)(7) may exercise the right of redemption granted by this article within one year from the date of the sale."

2.  Section 6-5-252 provides:

    "Anyone desiring and entitled to redeem may make written demand of the purchaser or his or her transferees for a statement in writing of the debt and all lawful charges claimed by him or her, and such purchaser or their transferees shall, within 10 days after such written demand, furnish such person making the demand with a written, itemized statement of all lawful charges claimed by him or her.  The redeeming party must then tender all lawful charges to the purchaser or his or her transferee. If the purchaser or his or her transferee fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, he or she shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his or
                                    (continued...)

Removal jurisdiction is proper pursuant to 28 U.S.C. § 1442(a)(1) (suit against federal agency), and this court has jurisdiction over the remaining defendants pursuant to 28 U.S.C. § 1367 (supplemental).

This litigation is before the court on MERS's motion to dismiss. For the reasons that follow, the motion will be granted.


## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss, a complaint need not contain "detailed factual

---

2.    (...continued)
      her complaint without a tender to
      enforce his or her rights under this
      article and file a lis pendens with the
      probate court.

      "Tender or suit must be made or filed
      within one year from foreclosure."

3

allegations," <u>Bell Atl. Corp. v. Twombly</u>, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007), "only enough facts to state a claim to relief that is plausible on its face," <u>id</u>. at ____, 127 S.Ct. at 1974.

## II.    FACTUAL BACKGROUND

On February 14, 2001, Wyatt executed a mortgage to MERS, which was secured by a house and property in Enterprise, Alabama, and recorded in the office of the probate judge.  On April 6, 2006, MERS foreclosed on the mortgage and purchased the property, as evidenced by a foreclosure deed that was recorded on April 11.  On April 17, MERS conveyed the property to the VA Secretary who recorded the deed.

On September 15, 2006, in an effort to redeem the property pursuant to 1975 Ala. Code §§ 6-5-248 and 6-5-252, Wyatt made a demand of MERS for a written statement of the debt.  MERS failed to supply the requested statement within the ten days required under the statute.  On October 13, 2006, Wyatt made a similar demand

4

to the VA Secretary, MERS's transferee.  The VA Secretary
also failed to supply the requested statement within the
ten days allowed under the statute.  On the same day that
Wyatt made the demand on the VA Secretary, the VA
Secretary sold the property to the Mellors.  This
conveyance was recorded on November 1.

On November 27, 2006, Wyatt filed this lawsuit against
MERS and the VA Secretary in an Alabama state court, and,
on March 7, 2007, he amended his complaint to add the
Mellors as parties.  It is unclear from the facts of the
complaint if Wyatt made a demand on the Mellors for a
statement of debt.

On April 13, 2007, the VA Secretary removed this
action to federal court.

### III.  DISCUSSION

Under Alabama law, once a property owner has lost his
property in a foreclosure sale, he may redeem it within

one year of the foreclosure.  1975 Ala. Code § 6-5-252.[3]
To do so, he may make a written demand, to the purchaser
or his transferee, of "all lawful charges."  <u>Id</u>.  After
the redemptioner makes the demand, the purchaser or his
transferee must, within ten days, respond with a written
statement of "all lawful charges claimed by him or her."
<u>Id</u>.  If the purchaser or his transferee fails to respond
within ten days, "he or she shall forfeit all claims or
right to compensation for improvements," and the
redemptioner may file a complaint in probate court to
enforce his rights under the statute.  <u>Id</u>.

Wyatt is asking the court to order the defendants to
provide a statement of debt, that is, "all lawful
charges," so that he may redeem the property.  He further
requests that, pursuant to the statute, the court's order
specify that the statement of debt shall not include any
claims for improvements and any interest or other charges
because the statement was not provided within ten days as
required by § 6-5-252.  In its motion to dismiss, MERS

---

3.  <u>See</u> <u>supra</u> note 2.

6

argues that it is not a proper party to this lawsuit because it no longer owns the property Wyatt wishes to redeem.

In response to MERS's assertion, Wyatt cites the language of the statute where he can make a "written demand of the purchaser <u>or</u> his or her transferees." 1975 Ala. Code § 6-5-252 (emphasis added). However, the Alabama Supreme Court has interpreted 1907 Ala. Code § 5748 (which, as the precursor to § 6-5-252, contains almost identical language) to mean that "where property has been sold under a power of sale in a mortgage and the purchaser has conveyed to another, the mortgagor <u>must</u> redeem from the vendee." <u>Reed v. Skeen</u>, 591 So. 2d 51, 53 (Ala. 1991) (emphasis added); <u>see also</u> <u>Garvich v. Associates Financial Services Co. of Alabama, Inc.</u>, 435 So.2d 30, 35 (Ala. 1983); <u>Hobson v. Robertson</u>, 138 So. 548, 549 (Ala. 1931). Therefore, it is clear that the thrust of the statute is toward the current owner. The use of the disjunctive "or" in the statute means the

mortgagor may seek redemption from either the purchaser or his transferees based on who is the current owner.

During oral arguments on the motion to dismiss, Wyatt stated that it would be unfair to require redemptioners to track down the actual owner to make his demand for a statement of debt. At the same time, however, it makes no sense--at least, in the circumstances presented in this case--for a court to force someone to respond to a demand, pursuant to § 6-5-252, stating "all lawful charges claimed by him or her," when he no longer claims any interest whatsoever in the property, it is a matter of public record that he has no interest, and the redemptioner, in fact, knows that he has no interest.

Here, Wyatt had actual notice that MERS did not own, and did not claim to own, the property when he demanded a statement of debt from it. MERS recorded its conveyance of the property to the VA Secretary nearly five months before Wyatt demanded the statement of debt. Moreover, Wyatt made a similar demand on the VA Secretary a month later, indicating that he knew MERS no longer held the

property. Consequently, by the time Wyatt filed this suit in state court on November 27, 2006, he had actual notice that MERS was no longer the owner of the property and did not claim to be. See, e.g. Clay v. Walden Joint Venture, 611 So. 2d 254, 256 (Ala. 1992) ("Under Ala. Code § 35-4-90 (1975), the proper recordation of an instrument constitutes conclusive notice to all the world of everything that appears from the face of the instrument"); Haines v. Tonning, 579 So.2d 1308 (Ala. 1991) (same).

Because MERS no longer owns, and does not claim to own, the property Wyatt wishes to redeem, and because Wyatt had adequate notice of this fact, MERS is not required to provide the § 6-5-252 statement. Consequently, MERS is due to be dismissed.

***

For the reasons outlined above, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

9

(1)     Defendant   Mortgage   Electronic   Registration

Systems, Inc.'s motion to dismiss (Doc. No. 8) is granted.

(2)   Defendant   Mortgage   Electronic   Registration

Systems, Inc. is dismissed.

DONE, this the 9th day of August, 2007

         /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b)  **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

*Rev.: 4/04*

2.  **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).