```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

           MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


WALTER WREN WYATT, III,      )
                             )
    Plaintiff,               )
                             )    CIVIL ACTION NO.
    v.                       )    1:07cv326-MHT
                             )         (WO)
MORTGAGE ELECTRONIC          )
REGISTRATION SYSTEMS,        )
INC., et al.,                )
                             )
    Defendants.              )
```

OPINION AND ORDER

Plaintiff Walter Wren Wyatt, III, filed this lawsuit against defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Veterans Affairs Secretary R. James Nicholson ("the VA Secretary"), and Joshua and Natalie Mellor ("the Mellors"). Relying on 1975 Ala Code § 6-5-248, Wyatt seeks to redeem property foreclosed and sold under the terms of a mortgage;[1]

---

1. Section 6-5-248 provides, in part:

> " (a) Where real estate, or any interest therein, is sold the same may be redeemed by ... (2) Any mortgagor ....

(continued...)

relying on 1975 Ala Code § 6-5-252, he has asked the court to order all defendants to supply a written statement of the debt, that is, "all lawful charges," without including any claims for improvements, interest, or other charges.[2]

---

    1.    (...continued)
"(b) All persons named or enumerated in subdivisions (a)(1) through (a)(7) may exercise the right of redemption granted by this article within one year from the date of the sale."

    2.    Section 6-5-252 provides:

"Anyone desiring and entitled to redeem may make written demand of the purchaser or his or her transferees for a statement in writing of the debt and all lawful charges claimed by him or her, and such purchaser or their transferees shall, within 10 days after such written demand, furnish such person making the demand with a written, itemized statement of all lawful charges claimed by him or her. The redeeming party must then tender all lawful charges to the purchaser or his or her transferee. If the purchaser or his or her transferee fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, he or she shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his or
(continued...)

Removal jurisdiction is proper pursuant to 28 U.S.C. § 1442(a)(1) (suit against federal agency), and this court has jurisdiction over the remaining defendants pursuant to 28 U.S.C. § 1367 (supplemental).

This litigation is before the court on MERS's motion to dismiss. For the reasons that follow, the motion will be granted.

## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss, a complaint need not contain "detailed factual

---

2.  (...continued)
    her complaint without a tender to enforce his or her rights under this article and file a lis pendens with the probate court.

    "Tender or suit must be made or filed within one year from foreclosure."

3

allegations," Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007), "only enough facts to state a claim to relief that is plausible on its face," id. at ___, 127 S.Ct. at 1974.

## II.  FACTUAL BACKGROUND

On February 14, 2001, Wyatt executed a mortgage to MERS, which was secured by a house and property in Enterprise, Alabama, and recorded in the office of the probate judge.  On April 6, 2006, MERS foreclosed on the mortgage and purchased the property, as evidenced by a foreclosure deed that was recorded on April 11.  On April 17, MERS conveyed the property to the VA Secretary who recorded the deed.

On September 15, 2006, in an effort to redeem the property pursuant to 1975 Ala. Code §§ 6-5-248 and 6-5-252, Wyatt made a demand of MERS for a written statement of the debt.  MERS failed to supply the requested statement within the ten days required under the statute.  On October 13, 2006, Wyatt made a similar demand

to the VA Secretary, MERS's transferee.  The VA Secretary also failed to supply the requested statement within the ten days allowed under the statute.  On the same day that Wyatt made the demand on the VA Secretary, the VA Secretary sold the property to the Mellors.  This conveyance was recorded on November 1.

On November 27, 2006, Wyatt filed this lawsuit against MERS and the VA Secretary in an Alabama state court, and, on March 7, 2007, he amended his complaint to add the Mellors as parties.  It is unclear from the facts of the complaint if Wyatt made a demand on the Mellors for a statement of debt.

On April 13, 2007, the VA Secretary removed this action to federal court.

### III.  DISCUSSION

Under Alabama law, once a property owner has lost his property in a foreclosure sale, he may redeem it within

one year of the foreclosure.  1975 Ala. Code § 6-5-252.[3] To do so, he may make a written demand, to the purchaser or his transferee, of "all lawful charges."  Id.  After the redemptioner makes the demand, the purchaser or his transferee must, within ten days, respond with a written statement of "all lawful charges claimed by him or her." Id.  If the purchaser or his transferee fails to respond within ten days, "he or she shall forfeit all claims or right to compensation for improvements," and the redemptioner may file a complaint in probate court to enforce his rights under the statute.  Id.

Wyatt is asking the court to order the defendants to provide a statement of debt, that is, "all lawful charges," so that he may redeem the property.  He further requests that, pursuant to the statute, the court's order specify that the statement of debt shall not include any claims for improvements and any interest or other charges because the statement was not provided within ten days as required by § 6-5-252.  In its motion to dismiss, MERS

---

3.  See supra note 2.

6

argues that it is not a proper party to this lawsuit because it no longer owns the property Wyatt wishes to redeem.

In response to MERS's assertion, Wyatt cites the language of the statute where he can make a "written demand of the purchaser <u>or</u> his or her transferees." 1975 Ala. Code § 6-5-252 (emphasis added). However, the Alabama Supreme Court has interpreted 1907 Ala. Code § 5748 (which, as the precursor to § 6-5-252, contains almost identical language) to mean that "where property has been sold under a power of sale in a mortgage and the purchaser has conveyed to another, the mortgagor <u>must</u> redeem from the vendee." <u>Reed v. Skeen</u>, 591 So. 2d 51, 53 (Ala. 1991) (emphasis added); <u>see also</u> <u>Garvich v. Associates Financial Services Co. of Alabama, Inc.</u>, 435 So.2d 30, 35 (Ala. 1983); <u>Hobson v. Robertson</u>, 138 So. 548, 549 (Ala. 1931). Therefore, it is clear that the thrust of the statute is toward the current owner. The use of the disjunctive "or" in the statute means the

mortgagor may seek redemption from either the purchaser or his transferees based on who is the current owner.

During oral arguments on the motion to dismiss, Wyatt stated that it would be unfair to require redemptioners to track down the actual owner to make his demand for a statement of debt.  At the same time, however, it makes no sense--at least, in the circumstances presented in this case--for a court to force someone to respond to a demand, pursuant to § 6-5-252, stating "all lawful charges claimed by him or her," when he no longer claims any interest whatsoever in the property, it is a  matter of public record that he has no interest, and the redemptioner, in fact, knows that he has no interest.

Here, Wyatt had actual notice that MERS did not own, and did not claim to own, the property when he demanded a statement of debt from it.  MERS recorded its conveyance of the property to the VA Secretary nearly five months before Wyatt demanded the statement of debt.  Moreover, Wyatt made a similar demand on the VA Secretary a month later, indicating that he knew MERS no longer held the

8

property. Consequently, by the time Wyatt filed this suit in state court on November 27, 2006, he had actual notice that MERS was no longer the owner of the property and did not claim to be. See, e.g. Clay v. Walden Joint Venture, 611 So. 2d 254, 256 (Ala. 1992) ("Under Ala. Code § 35-4-90 (1975), the proper recordation of an instrument constitutes conclusive notice to all the world of everything that appears from the face of the instrument"); Haines v. Tonning, 579 So.2d 1308 (Ala. 1991) (same).

Because MERS no longer owns, and does not claim to own, the property Wyatt wishes to redeem, and because Wyatt had adequate notice of this fact, MERS is not required to provide the § 6-5-252 statement. Consequently, MERS is due to be dismissed.

***

For the reasons outlined above, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

9

    (1) Defendant Mortgage Electronic Registration Systems, Inc.'s motion to dismiss (Doc. No. 8) is granted.

    (2) Defendant Mortgage Electronic Registration Systems, Inc. is dismissed.

    DONE, this the 9th day of August, 2007

                             /s/ Myron H. Thompson
                           UNITED STATES DISTRICT JUDGE