IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| WALTER WREN WYATT, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:07cv326-MHT |
| MORTGAGE ELECTRONIC | ) | (WO) |
| REGISTRATION SYSTEMS, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

On June 7, 2007, the court scheduled an on-the-record conference call for June 11, 2007, to discuss the plaintiff Walter Wren Wyatt, III's motion for default judgment against defendants Joshua and Natalie Mellor. However, counsel for Wyatt failed to appear for the call. He later informed the court that he missed the call because his new secretary was not checking his efilings.

The court then set a submissions deadline of July 16, 2007, for the Mellors' motion to dismiss, a deadline which Wyatt's counsel missed. When the court later

inquired about why Wyatt missed the deadline, his counsel indicated that he must have overlooked it because he was working on a case that filled up his email inbox.

On August 13, 2007, the court issued a show-cause order, expressing "concern that counsel for the Wyatt is coming up with false excuses for missing court deadlines" and "not taking this case seriously."  The court then directed Wyatt to "show cause, if any there be, in writing by August 20, 2007, as to why this case should not be dismissed without prejudice for want of prosecution."  The court warned Wyatt that, "if he fails to respond within the time allowed, the court will assume that he has no objection to the dismissal."

Because Wyatt and his attorney have not responded within the time allowed, the court infers, as it expressly warned it would, that they have no objection to the show-cause order and the dismissal of this action (or their inaction is simply further evidence that they are no longer interested in this case).  See Link v. Wabash R.

2

Co., 370 U.S. 626, 634-35 (1962) (finding that it was in a trial court's discretion to dismiss a case sua sponte for failure to prosecute where counsel missed a pretrial conference with an "inadequate" excuse, among other "delays"). Indeed, so as to be certain that Wyatt and his counsel's inaction is not due to simple tardiness, the court has waited a week after the response due date before entering the order it does today.

A judgment will be entered in accordance with this opinion.

DONE, this the 27th day of August, 2007.

                                                /s/ Myron H. Thompson
                                              UNITED STATES DISTRICT JUDGE